COMMUNITY FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Plaintiff-Respondent,

v.

Roy T. BOYER, Donna Boyer and
Boyer Building Company, Inc.,
Defendants-Appellants.

No. 49829.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 22, 1986.

.Application to Transfer Denied
June 17, 1986.

David M. Duree, St. Louis, for defend-ants-appellants.

Robert C. Jones, Clayton, for plaintiff-re-spondent.

PUDLOWSKI, Judge.

This is an appeal from a proceeding in equity brought by Community Federal Savings and Loan Association ["Community"], respondent, against Roy T. Boyer, Donna Boyer, and Boyer Building Company, Inc. ["corporation"], appellants, to set aside the allegedly fraudulent conveyance of 250 shares of newly issued stock from the corporation to Donna Boyer. We affirm.

The parties involved in this proceeding have a long history of litigation. On January 11, 1978, a judgment was obtained by Community (then Carondelet Savings and

Loan Association), against Roy Boyer and Boyer Building Company, Inc. for $169,-026.93. That judgment was subsequently revived in the amount of $190,522.84 on January 9, 1981.

On March 25, 1981, Community obtained issuance of a Writ of Execution, which was delivered to the Sheriff of Jefferson County, Missouri with directions to execute upon all the shares of stock which Roy T. Boyer owned in Boyer Building Company, Inc. The levy was served on Donna Boyer in her capacity as secretary of the corporation on or before April 28, 1981. It is undisputed that as of April 28, 1981, Roy T. Boyer was the sole stockholder in the corporation.

The following day, April 29, 1981, the corporation issued 250 new shares of stock to Donna Boyer at a par value of ten dollars per share. This action was followed on May 6, 1981 by the sale from Roy T. Boyer to Donna Boyer of his 100 shares of stock in Boyer Building Company, Inc. for ten dollars per share pending a Motion to Quash the levy of April 28, 1981. The trial court denied the Motion to Quash and we affirmed. *Carondelet Savings & Loan Association v. Roy T. Boyer*, 645 S.W.2d 24 (Mo.App.1983).

The 100 shares of stock originally held by Roy T. Boyer were subsequently sold on October 6, 1981 at a public execution sale. Community purchased the shares for $5,000 at this sale in an effort to take over the corporation. On the same day, Community prepared written minutes of shareholder's and director's meetings, executed a resolution removing the previous officers and directors of the corporation, elected new officers and directors, repealed the prior by-laws of the corporation and prepared new by-laws.

In March, 1982 the present action was filed in the Circuit Court of Jefferson County. In Count I, Community claimed fraud in the two transactions in which Donna Boyer purchased stock in the corporation and requested an injunction prohibiting the appellants from any issuance, sale, transfer, assignment or delivery of any share of stock in the corporation. Count II

further alleged that the two stock transactions were fraudulent conveyances in violation of Section 428.020, RSMo 1978, and asked the court to set the transactions aside. Count III pleaded that Community became the sole shareholder in Boyer Building Company, Inc. as of October 6, 1981 and requested a declaratory judgment to that effect. Count IV requested a writ of quo warranto restraining Roy and Donna Boyer from acting on behalf of Boyer Building Company, Inc. On February 8, 1985, the trial court entered an order granting the relief requested in Counts I through III and dismissing Count IV without prejudice. Specifically, Roy and Donna Boyer were permanently enjoined from engaging in any transaction concerning the stock of Boyer Building Company, Inc. In addition, all of their transactions dealing with such stock after April 28, 1985, the date of the levy, were invalidated. The acts of Community concerning the reorganization of the corporation on October 6, 1981 were confirmed and Roy and Donna Boyer were enjoined from prosecuting any claims against Community in the name of Boyer Building Company, Inc.

In this appeal, appellants contend that the trial court erred in concluding that the April 29, 1981 issuance of 250 shares of new stock to Donna Boyer was a fraudulent conveyance, the finding upon which the judgment on all three counts was based.

In a court-tried case, we will sustain the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The grant of injunctive relief is a matter within the sound discretion of the trial court. *May Department Stores Co. v. County of St. Louis*, 607 S.W.2d 857, 870 (Mo.App.1980).

Section 428.020, RSMo 1978, provides:

Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in action, or of any

rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts or demands, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity issuing out of them, shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void.

▮ The key elements of a fraudulent conveyance under Section 428.020, RSMo 1978, include the conveyance of goods or chattels with an intent to hinder, delay or defraud creditors. *Lindell Trust Company v. Commonwealth Land Title Insurance Company*, 611 S.W.2d 283, 286 (Mo. App.1980).

▮ Intent is difficult to establish by direct proof, therefore it must be determined by the surrounding facts and circumstances. *Id.* The courts have recognized certain circumstances as "badges of fraud." *Id.* These badges include: (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all of the debtor's property; (7) insolvency caused by the transfer; and (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious. *Conrad v. Diehl*, 344 Mo. 811, 129 S.W.2d 870, 877 (1939); *Morris v. Holland*, 529 S.W.2d 948 (Mo.App. 1975).

▮ While none of the badges of fraud existing alone establishes fraud, a concurrence of several of the badges raises a presumption of fraud. *Cohoon v. Cohoon*, 627 S.W.2d 304, 307 (Mo.App.1981). Examination of the facts of this case indicate that four of the badges of fraud were present in the transaction.

▮ First, this was effectively a conveyance to a spouse. Although Roy Boyer made the transfer through the corporation he controlled, a court of equity may disregard the separate legal entity of the corporation and the individual where the separateness is used as a subterfuge to defraud a creditor. *Smith v. City of Lee's Summit*, 450 S.W.2d 485, 489 (Mo.App.1970). The loss of corporate protection is based on a two-prong test set out in *Fairbanks v. Chambers*, 665 S.W.2d 33, 37 (Mo.App. 1984). The first prong is the "alter ego" doctrine in which the corporation must be controlled and influenced by one or a few persons. *Id.* Clearly, Roy Boyer's ownership of one hundred percent of the outstanding shares of stock prior to the transfer meets this prong of the test. The second prong recognizes the fact that an improper purpose must be established by the evidence. *Id.* Such an improper purpose would be a conveyance used to hinder, delay or defraud a creditor.

"[T]ransactions between husband and wife to the prejudice of the husband's creditors are looked upon with suspicion, and their good faith must be so clearly shown that there can be no reasonable doubt of the honesty of the transactions.'" *Conrad v. Diehl*, 344 Mo. 811, 129 S.W.2d 870, 877 (1939) (quoting *Friedel v. Bailey*, 329 Mo. 22, 30, 44 S.W.2d 9, 11 (Mo.1931)). The appellants have presented no legitimate justification for the transfer of the stock; it is clear from the facts that the only purpose was to prevent the respondent from gaining control of the corporation.

Second, the transfer of 250 shares of newly issued stock to Donna Boyer represents an unusual method of transacting business under the circumstances. This transfer occurred at a time when the corporation had not actively conducted any business for three years. Appellants admit that the stock was worth far less than the

ten dollars per share for which it was sold. Although the price paid indicates the adequacy of the consideration, it also appears to be designed to cast a veil of fog over the transaction.

Third, the conveyance was made in anticipation of the execution sale. The transfer was recorded just one day after the levy was served on Donna Boyer. It was a transparent attempt to prevent Community from gaining control of the corporation. Under the circumstances, the value of the one hundred shares of stock, owned by Roy Boyer and levied on by Community, was the controlling interest in the corporation that they represented. Both Donna Boyer and Community were willing to invest large sums of money in an attempt to control this corporation because of other lawsuits pending between the parties. The effect of the attempted transfer was to turn the controlling interest asset into a virtually worthless piece of paper and circumvent the levy by Community.

Finally, the failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious is considered a badge of fraud. Although the appellants point to the adequacy of the consideration that was paid for the stock in question, they presented no evidence of any legitimate justification for the issuance and sale of the shares involved. The transfer was made to keep Community from gaining control of the corporation. As such, it's effect was to hinder, delay and defraud Community in the exercise of its lawful execution on the one hundred shares of stock of Roy T. Boyer, which as of the date of the levy represented the sole interest in the corporation.

Based upon these badges of fraud and the fact that the appellants presented no evidence of any legitimate countervailing justification for the transfer, the judgment of the trial court is affirmed on all three counts.

CRANDALL, P.J., and SATZ, J., concur.