**Frances GUENTHER, Plaintiff and Respondent,**

**v.**

**Russell R. GUENTHER, Defendant and Appellant.**

**No. 19477.**

Supreme Court of Utah.

Jan. 6, 1988.

Willard R. Bishop, Cedar City, for defendant and appellant.

Norman H. Jackson, Richfield, for plaintiff and respondent.

HOWE, Justice:

Defendant Russell R. Guenther appeals a judgment renewing a prior judgment in favor of plaintiff Frances Guenther for past due child support.

Plaintiff and defendant were divorced in 1969 in California. He failed to pay the child support ordered in the decree. She filed suit in the district court of Piute County, Utah, and was awarded judgment against him in November of 1974 for $11,426.10. Prior to the running of the eight-year statute of limitations on that judgment, Utah Code Ann. § 78-12-22 (1987), she brought this action to renew the judgment. At the time the complaint was filed on August 5, 1982, her counsel furnished a summons and copy of the complaint to the Piute County Sheriff for service on defendant. Despite his repeated efforts, the sheriff was unable to personally serve defendant. Plaintiff's counsel then obtained from the court an order authorizing service by publication and by mailing to defendant at his last known address in Piute County. A second summons was prepared and dated May 5, 1983. It was published in a local newspaper on May 25, June 1, June 15, and June 18, 1983. On May 23, the court clerk mailed a copy of the summons to defendant.

Defendant entered a special appearance for the sole purpose of contesting jurisdiction and moved to quash the substituted service of summons upon him. His motion was based upon the following three grounds: (1) summons had not issued within three months from the date of the filing of the complaint, as required by rule 4(b), Utah Rules of Civil Procedure; (2) the clerk of the court failed to mail a copy of the summons to defendant within ten days after the entry of the order authorizing service by publication and mailing, as required by rule 4(f)(1); and (3) in any event, plaintiff cannot obtain an in personam money judgment against defendant without personal service of summons upon him. The trial court denied defendant's motion to quash and gave him fifteen days to answer plaintiff's complaint. He did not answer the complaint, and neither he nor his counsel appeared at the trial. Judgment was entered against defendant on September 1, 1983, for $15,000. He brings this appeal, seeking reversal of the trial court's denial of his motion to quash. We shall consider separately each of the grounds upon which the motion was based.

I

Defendant points out that the summons that was published and was mailed to him was dated May 5, 1983. He contends that there was not compliance with the requirements of rule 4(b), which mandates that summons must issue within three months of the date of the filing of the complaint, which was August 5, 1982. That rule states:

(b) *Time of Issuance of Service.* If an action is commenced by the filing of a complaint, summons must issue thereon within three months from the date of such filing. The summons must be served within one year after the filing of the complaint or the action will be deemed dismissed, provided that in any action brought against two or more defendants in which personal service has been obtained upon one of them within the year, the other or others may be served or appear at any time before trial.

Under rule 4(a), a summons "issues" when it is "placed in the hands of a qualified person for the purpose of service." In an

affidavit contained in the record, plaintiff's counsel averred that at the time he filed the complaint on August 5, 1982, he delivered to the sheriff of Piute County a summons and requested that the sheriff personally serve it upon defendant at his residence in Circleville, Piute County. The record also contains a sworn return of service made by the sheriff which states that "in 1982" plaintiff's attorney delivered to him the summons and a copy of the complaint for service upon defendant and that he attempted to personally serve defendant over an extended period of time but was unsuccessful in finding him within Piute County. Although the sheriff's return should have been more precise as to the date on which he received the summons for service, when viewed in connection with the affidavit of plaintiff's counsel, there is sufficient proof that summons did indeed issue within three months after the date of the filing of the complaint in compliance with rule 4(b). The summons which was published and mailed to defendant was a second issuance.

## II

■ Rule 4(f)(1) states that when an order for publication of summons is made, the clerk shall mail a copy of the summons and complaint "to each person whose address has been stated in the motion" within ten days after the order is *entered*. Defendant points out that the order authorizing publication of summons here was signed by the judge on April 25, 1983, but that the clerk did not mail a copy of the summons pursuant to that order until May 23. We find no merit to this argument. While the order was signed by the judge on April 25, it was not filed and *entered* by the clerk of the court until May 18. Her mailing a copy of the summons to defendant on May 23 fully complied with the ten-day requirement of rule 4(f)(1).

## III

■ Finally, defendant contends that in any event, an in personam judgment can only be entered against him if summons is personally served upon him and that substituted service by publication and by mailing does not suffice to confer jurisdiction over him for an in personam judgment. He relies upon this Court's decision in *Graham v. Sawaya*, 632 P.2d 851 (Utah 1981). Recently, in *Carlson v. Bos*, 740 P.2d 1269 (Utah 1987), we had occasion to analyze our decision in *Graham v. Sawaya* and specifically rejected the notion that publication of summons accompanied by mailed notice sent to a last known address can never measure up to the constitutional standard for an in personam judgment. The reader is referred to that case for a thorough discussion and analysis of this issue raised now by defendant. It is sufficient that in the instant case, the sheriff attempted to locate defendant "over an extended period of time but could not find him within Piute County," that defendant had resided at his mother's home in Circleville but she would not accept service of summons for him, and that she stated to the sheriff that she did not have an address for him or know of his whereabouts at that time. Following the sheriff's unsuccessful attempts to serve defendant personally, plaintiff's counsel moved the court for an order authorizing service of summons on defendant by publication and by mailing a copy of the summons to him at his last known address in Piute County. Defendant did not contend in the trial court that due diligence had not been exercised by plaintiff in attempting to personally serve him, as required by rule 4(f)(1), nor does he claim that the manner of substituted service used here did not meet the constitutional requirement of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 316–18, 70 S.Ct. 652, 658–59, 94 L.Ed. 865 (1950); *Carlson v. Bos, supra.* Defendant did not contend that he was not a resident of Piute County nor that the address used was not his last known address. Indeed, defendant received the summons by mail within a few days after the clerk mailed it to him. In short, it appears that rule 4(f)(1) was followed by the trial court and that the denial of defendant's motion to quash the summons

was correct. Defendant's interest to be apprised of the pendency of the action against him by personal service upon him is outweighed by the state's interest that persons using the state's courts, such as plaintiff, be allowed to maintain their actions and obtain jurisdiction over defendants who are in this state but who cannot, after the exercise of due diligence, be found and personally served.

### IV

Defendant raises in his brief other objections to the service of process upon him. Because these objections were not raised in his motion to quash and the trial court had no opportunity to consider and rule upon them, we will not consider them here for the first time.

Judgment affirmed.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.