**Douglas BURKS, Appellant,**

v.

**Carolyn Ann BURKS, Respondent.**

**No. WD 49681.**

Missouri Court of Appeals,
Western District.

Feb. 14, 1995.

———

Douglas Burks, pro se.

Carolyn Ann Burks, pro se.

Before BRECKENRIDGE, P.J., and ELLIS and STITH, JJ.

ELLIS, Judge.

Douglas Burks (Douglas) appeals the dismissal by the Jackson County Circuit Court of his petition for dissolution of marriage. The case was dismissed because Douglas was unable to appear for a hearing on the petition.

Douglas is married to Carolyn Ann Burks. Prior to filing the instant action, according to Douglas, he has thrice petitioned the courts to dissolve his marriage to Carolyn. Because Douglas is incarcerated at the Moberly Correctional Center, those efforts were unsuccessful. On May 21, 1993, Douglas filed this, his fourth petition for dissolution of marriage, in the Circuit Court of Jackson County, as well as a motion for leave to proceed *in forma pauperis.* The verified petition alleged, *inter alia,* that Douglas and Carolyn entered into the bonds of matrimony in 1980; that they separated in 1981; that no children were born of the marriage; that the parties accumulated no property during the marriage; and that the marriage was irretrievably broken, as well as all other statutorily required allegations. According to Douglas, he had attempted to obtain personal service on Carolyn in the previous dissolution actions he had filed, but his efforts were to no avail. So, undeterred, with this petition he filed an affidavit for service by publication pursuant to Rule 54.12(c) in which he listed Carolyn's last known address, and stated that her present address was unknown or that she had absented herself from her usual place of abode, as well as other information required by Rule 54.12(c)(2). On June 15, 1993, the court entered an order permitting Douglas to proceed *in forma pauperis* and authorizing service by publication. As a result, Douglas obtained service on Carolyn by publication in July, 1993. Carolyn did not enter her appearance or file a pleading as required by Rule 54.12(c)(3) to avoid being in default.

After filing answers to required questionnaires, and winding through the circuit court's dispositional process, Douglas filed a

motion for default judgment. A hearing was set for May 13, 1994. Long before the appointed date, Douglas informed the court that because of his current living arrangements, he was not free to come and go at will and requested that the court arrange for his presence through appropriate means. The trial court was accommodating and issued a Writ of Habeas Corpus Ad Testificandum on April 5, 1994, ordering the Moberly Correctional Center to deliver Douglas to the court for the May 13th hearing. The Correctional Center declined the court's request to deliver Douglas, relying on § 491.230.3, RSMo Cum. Supp.1993,[1] and so advised the court. Section 491.230.2, in pertinent part, provides:

No person detained in a correctional facility of the department of corrections shall appear and attend or be caused to appear and attend any civil proceeding, regardless of whether he is a party, except in those instances in which the offender is a respondent in a chapter 211 proceeding to terminate parental rights.

The court informed Douglas of this dilemma, and told him that if he could not appear for the hearing, his petition would be dismissed.

Douglas, however, persisted in his efforts. On April 30, 1994, he wrote the court urging that his case not be dismissed. He offered to waive any rights necessary to permit the hearing and entry of a decree of dissolution. He suggested that he appear by closed circuit television or by telephone. Nevertheless, the trial court, no doubt with regret, concluded that his personal appearance was necessary and, based solely on Douglas' inability to appear, dismissed the action. From that dismissal, Douglas prosecutes this appeal.

Douglas exhorts us to find that the trial court erred in dismissing his petition because his personal appearance was unnecessary for entry of a default judgment of dissolution of marriage. We heed Douglas' entreaty, and

reverse the decision and remand the case to the trial court.

In *State ex rel. Kittrell v. Carr*, 878 S.W.2d 859 (Mo.App.1994), the Eastern District of this court pointed out that, pursuant to § 452.300.1, RSMo 1986,[2] the Rules of Civil Procedure are applicable to dissolution proceedings. It therefore held that Rules 74.04 (Summary Judgment) and 74.05 (Entry of Default Judgment) are available for use in dissolution actions. *Id.* at 863. The court went on to hold that Rule 74.05 will not permit a default judgment in cases involving division of property or determinations of child custody or child support, but it can be used to enter a judgment which merely dissolves the marriage.[3] *Id.* at 864.

*Kittrell* is factually similar to the case at bar. In that case, Kittrell was incarcerated at the Potosi Correctional Center. He filed an original proceeding in mandamus alleging that the respondent judges were denying him meaningful access to the courts because of dismissal of his petition for dissolution of marriage after his wife's default. The action was dismissed due to Kittrell's failure to appear at the default hearing. It was undisputed that Kittrell failed to appear because he was incarcerated and the court had denied him a Writ of Habeas Corpus Ad Testificandum based on § 491.230.2. The *Kittrell* court discussed at some length a prisoner's right to meaningful access to the courts. However, it ultimately concluded that Kittrell's personal appearance at a default hearing was unnecessary. It found that, by virtue of the wife's default, she admitted all of the traversable allegations of the petition. Therefore, since there were no children involved and Kittrell waived his right to any marital property, there was no impediment to entry of a decree pursuant to Rule 74.05, without requiring Kittrell to personally ap-

1. This provision has been recodified with no changes in RSMo 1994.

2. This provision was also recodified without changes in RSMo 1994.

3. We note that in the instant appeal, Douglas served Carolyn by publication pursuant to Rule

54.12(c). This fact, conjoined with Carolyn's failure to enter an appearance, would preclude a money judgment against her for maintenance or child support, *L.A.J. v. C.T.J.*, 577 S.W.2d 151, 152 (Mo.App.1979), but of course, those are not issues presented by Douglas' petition.

pear. *Id.* at 864.[4]

As in *Kittrell,* Douglas' verified petition alleges that the parties have no children and no property. By failing to enter an appearance and file a pleading, Carolyn has admitted those issues as well as all other traversable allegations in the petition. Thus, there is no impediment to entry of a default decree dissolving the marriage pursuant to Rule 74.05. We therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

All concur.

---

4. The court in *Kittrell* expressly refused to decide whether, in other circumstances, a trial court may properly exercise its discretion to require a party to appear personally as a prerequisite to obtaining a default judgment in a divorce matter which does not involve unliquidated claims. Rather, the court held that to the extent such discretion exists, it was abused in Kittrell's case because, in combination with § 491.230.2, such a requirement necessarily deprived him of his right of access to the courts. *Kittrell,* 878 S.W.2d at 864. We likewise expressly do not decide the issue stated, and similarly hold that if such discretion exists, it was abused in this case for the same reasons stated in *Kittrell.*