AFFIRM; Opinion issued October 26, 2012



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00334-CR

### THE STATE OF TEXAS, Appellant

### V.

### KENNETH CASHION, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-30848-N**

# MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Fillmore
Opinion By Justice Bridges

The State of Texas appeals from the trial court's order granting appellee Kenneth Cashion's motion to suppress. In a single issue, the State challenges the trial court's conclusion that the police did not conduct a valid inventory search. We affirm.

## Background

During the suppression hearing, Officer Akins of the Grand Prairie Police Department testified that he came into contact with appellee on July 28, 2009, while observing appellee roll through a stop sign and pull into a gas station. Akins pulled in behind appellee and activated his emergency lights. When Akins requested a driver's license and insurance, appellee provided his license but not proof of insurance. Akins returned to his patrol car to write appellee a ticket.

While in his car, Akins accessed the mobile data computer and found that there were warrants for appellee's arrest. Upon confirming the warrants were valid, Akins returned to appellee's car and informed appellee that he was under arrest. Akins placed appellee in custody, handcuffed him, and placed him in the back of the patrol car. Because appellee had been alone, Akins determined appellee's vehicle needed to be impounded and began to inventory the contents of the car.

Timothy Lilly then approached Akins and identified himself as appellee's son. Akins asked appellee if he wanted to release the vehicle to his son, to which appellee replied, "Yeah." Akins testified he requested Lilly's driver's license and proof of insurance. Lilly testified Akins did not request proof of insurance. The record shows Lilly produced a driver's license. Akins concluded he needed to document the contents of appellee's vehicle so he was not later blamed if something came up missing. Akins testified that because Lilly did not produce proof of insurance, Akins decided he could not release the vehicle to Lilly.

Akins then resumed inventory and came across a black plastic bag inside a small jewelry box. The plastic bag contained narcotics. Akins had appellee's vehicle towed to the city impound lot and transported appellee to the Grand Prairie Police Department.

The trial court held a hearing on appellee's motion to suppress and granted the motion. The State filed this appeal of the trial court's ruling and requested the trial court make findings of fact and conclusions of law. The trial court made the requested findings and conclusions. Appellee subsequently filed his motion to file supplemental findings and conclusions of law, which has been denied by this Court.

## Analysis

We review a trial judge's ruling on a motion to suppress by viewing all of the evidence in

the light most favorable to the trial judge's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) (citing *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). When the trial judge makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Garcia-Cantu*, 253 S.W.3d at 241. Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Garcia-Cantu*, 253 S.W.3d at 241. We afford the same amount of deference to the trial judge's rulings on mixed questions of law and fact, if those rulings turned on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Other mixed questions of law and fact are reviewed de novo. *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004).

In a single issue, the State challenges the trial court's conclusion that the police did not conduct a valid inventory search. A peace officer's inventory of the contents of an automobile is permissible under both the Fourth Amendment of the United States Constitution and Article I, section 9 of the Texas Constitution if conducted pursuant to a lawful impoundment. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (citing *South Dakota v. Opperman*, 428 U.S. 364, 375-76 (1976)). Inventories serve to protect: (1) the owner's property while it is in custody, (2) the police against claims or disputes over lost or stolen property, and (3) the police from potential danger. *Kelley v. State*, 677 S.W.2d 34, 37 (Tex. Crim. App. 1984) (en banc); *Garza*, 137 S.W.3d at 882. These inventories must be conducted in good faith pursuant to reasonable standardized police procedures. *See Garza*, 137 S.W.3d at 882. However, the Fourth Amendment protection against seizures cannot be whittled away by standard police procedures. *See*

*Benavides v. State*, 600 S.W.2d 809, 812 (Tex. Crim. App. 1980).

Reasonable cause for impoundment of an automobile may exist when the driver is removed from his car and placed under custodial arrest, and his property cannot be protected by any other means. *See Benavides*, 600 S.W.2d at 811; *Garza*, 137 S.W.3d at 882 (citing *Lagaite v. State*, 995 S.W.2d 860, 865 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd)). The Grand Prairie Police Department has established a written policy for its officers to follow when the driver is taken into custody, as was the case here. That policy provides as follows:

**5.11.04     IMPOUNDING VEHICLES**

I. Police Officers will cause vehicles to be impounded under the following circumstances:

> A. The driver of the vehicle is arrested and *there is no one available to take control of the vehicle*.
>
> 1. Prior to releasing a vehicle to a person in lieu of impoundment, the arresting officer *will verify the person taking possession of the vehicle is a licensed driver*. The arresting officer will narrate in the arrest report that the arrested person voluntarily released the vehicle and will also include the person's identity, correct address, telephone number and *driver's license* number with the state of issuance.

(Emphasis added). The State bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to insure the automobile's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed. *Garza*, 137 S.W.3d at 882 (citing *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986)).

The State failed to satisfy its burden here, because an alternative, other than impoundment, was available to Akins. Appellee's son, Lilly, was available to take the vehicle, and when Akins asked whether Lilly had permission to take the vehicle, appellee responded, "Yeah." Akins failed

–4–

to follow the Grand Prairie impoundment policy. Although Akins verified Lilly was a licensed driver, in accordance with the policy, Akins chose not to release the vehicle to Lilly because he did not remember seeing Lilly's proof of insurance.[1] Lilly testified Akins never asked him for proof of insurance. However, Lilly testified he had insurance on the vehicle at the time of impoundment as follows:

> Q: Did you have insurance for driving that vehicle?
>
> A: I was on my mother's policy which was full coverage. Covered me on any vehicle I drive. I'm on her policy.
>
> Q: You were able to drive the vehicle by license and by insurance.
>
> A: Yes.

Because the trial court was free to believe any or all evidence presented and to make a determination of historical facts supported by the record after evaluating the credibility and demeanor of the witnesses at the hearing, we give the trial court's decision deference. *See Guzman*, 955 S.W.2d at 89.

We further note the Grand Prairie policy does not require proof of insurance[2] and agree with the trial court's finding that "[w]hether or not Timothy Lilly had appropriate proof of insurance is irrelevant in that Officer Akins was going to perform the 'inventory search' which was not provided for in the impoundment procedures." *See Guzman*, 955 S.W.2d at 89. Here, the State failed to meet its burden, and we conclude the impoundment of appellee's vehicle and the subsequent search,

---

[1] Akins testified: "I don't remember seeing insurance on the truck in question at all."

[2] Akins testified that the "spirit" of the policy was to require proof of insurance; however, the law requires the Grand Prairie Police Department follow the policy, not the spirit of the policy. *See Garza*, 137 S.W.3d at 882.

denoted as an "inventory," were unlawful.[3] The trial court did not err by granting appellee's motion to suppress. *See Garcia-Cantu*, 253 S.W.3d at 241.

We overrule the State's sole issue on appeal and affirm the judgment of the trial court.

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110334F.U05

---

[3] Akins acknowledged he had no other lawful means to search the vehicle as follows:

Q: So the record's clear, before you went back the second time to look in the vehicle, you had no search warrant, right?

A: No , sir.

Q: You had not consent?

A: No, sir.

Q: You had no probable cause?

A. No, sir.



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-11-00334-CR      V.

KENNETH CASHION, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-30848-N).
Opinion delivered by Justice Bridges, Justices O'Neill and Fillmore.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 26, 2012.


DAVID L. BRIDGES
JUSTICE