In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

SAMUEL MARTI, ) No. ED109282
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Louis County
v. ) Cause No. 18SL-CC00681-01
 )
CONCRETE CORING COMPANY OF ) Honorable David Lee Vincent, III
NORTH AMERICA, )
 )
 Respondent. ) Filed: September 7, 2021

 Introduction

 Samuel Marti (Marti) appeals the trial court’s judgment setting aside a prior default

judgment entered against Concrete Coring Company of North America (CCC) in Marti’s

suit against CCC for negligence. The trial court found it had no jurisdiction to enter the

default judgment due to lack of proper service. We affirm.

 Background

 In February of 2018, Marti filed a petition for negligence against CCC, following

an incident in which a CCC employee dropped a piece of concrete on Marti’s hand, causing

permanent injuries. CCC did not answer the petition. Marti filed a motion for default

judgment in October of 2018, which the trial court granted on November 1, 2018. After
an evidentiary hearing, the trial court entered judgment in favor of Marti in the amount of

$1,000,000.00.

 On December 3, 2018, CCC filed a motion to set aside the default judgment,

attaching an affidavit of Howard Hall, III (Hall), CCC’s owner. Hall’s affidavit stated that

Colleen Shea, the person who accepted service on behalf of CCC, was not an officer,

partner, managing agent, general agent, registered agent, or person having charge of the

office. Hall further averred Shea failed to forward the summons to any such qualified

person. CCC argued additionally that the sheriff’s return was insufficient on its face

because it stated the summons and petition were delivered to an individual defendant,

rather than a person qualified to accept service on behalf of a corporation.

 CCC noticed the motion for hearing on December 13, 2019. Thereafter, Marti filed

a motion in opposition to setting aside the default judgment, arguing that service was

proper. Marti attached an affidavit of Kevin Klupe (Klupe), the sheriff’s deputy who had

served the summons in this matter. He averred that he believed Shea was the person having

charge of the office at the time he served her, and that she indicated she could accept service

on behalf of CCC. Klupe further stated he had personally served Shea, and she had

accepted service, in other lawsuits.

 The trial court conducted a hearing on December 20, 2019, after which it set aside

the default judgment “due to want of jurisdiction for lack of personal service.” 1 This appeal

follows.

1
 The trial court originally set aside the default judgment with an order dated December 27, 2019. This Court
then dismissed the appeal from that order, finding the order did not comply with Rule 74.01(a). The trial
court subsequently entered a judgment setting aside the default judgment for lack of personal service, which
is the subject of the present appeal.

 2
 Standard of Review

 “A judgment entered against a defendant by a court lacking personal jurisdiction

over the defendant is void.” Bueneman v. Zykan, 52 S.W.3d 49, 58 (Mo. App. E.D. 2001).

We review de novo the legal question of whether the default judgment here is void for lack

of personal jurisdiction. Id.

 Discussion

 Marti argues that the trial court erred in setting aside the default judgment because

the sheriff’s return constituted prima facie evidence that service was proper, which CCC

failed to rebut with clear and convincing evidence. 2 We disagree.

 A “return of service shall be considered prima facie evidence of the facts recited

therein.” Rule 54.22(a) 3; see also Hoffman v. Quality Chrysler Plymouth Sales, Inc., 706

S.W.2d 576 (Mo. App. E.D. 1986) (discussing effect of legislature’s amendment to Rule

54.22, changing longstanding rule that sheriff’s return that is regular on its face is presumed

conclusive, to rule that return constitutes prima facie evidence of facts recited therein).

“[A] return of service may be impeached by clear and convincing evidence showing the

true facts of service.” Howell v. Autobody Color Co., 710 S.W.2d 902, 905 (Mo. App.

S.D. 1986) (summarizing holding of Hoffman, 706 S.W.2d 576). However, as an initial

matter, a return of service “must show on its face that every requisite of the statute has been

complied with.” State ex rel. Bufford v. Dalton, 479 S.W.2d 204, 206 (Mo. App. 1972);

2
 Marti’s remaining points address alternative arguments based on Rule 74.05: that CCC failed to timely
make its motion to set aside, that CCC failed to demonstrate it had good cause for failing to timely respond
to the petition, and that CCC failed to show it had a meritorious defense to the suit. We need not address
these arguments, as we find the trial court properly set aside the judgment as void pursuant to Rule
74.06(b)(4). As such, the judgment could be attacked at any time. Gerding v. Hawes Firearms Co., 698
S.W.2d 605, 607 (Mo. App. E.D. 1985).
3
 All rule references are to Mo. R. Civ. P. 2018 unless otherwise indicated.

 3
Carter v. Flynn, 112 S.W.2d 364, 369 (Mo. App. 1938). If the sheriff’s return “is deficient

on its face, the court acquires no jurisdiction over the party allegedly served.” Gerding v.

Hawes Firearms Co., 698 S.W.2d 605, 607 (Mo. App. E.D. 1985).

 Here, we do not reach the issue of whether CCC presented clear and convincing

evidence to impeach the sheriff’s return of service because we find it is deficient on its

face. Thus, the return does not establish prima facie evidence of proper service. Rule

54.13(b)(3) addresses service upon corporations. It allows the sheriff or process server to

effect service by delivering a copy of the summons and petition “to an officer, partner, or

managing or general agent, or leaving the copies at any business office of the defendant

with the person having charge thereof or by delivering copies to its registered agent or to

any other agent authorized by appointment or required by law to receive service of

process.” Rule 54.13(b)(3) (emphasis added). The parties agree that Shea was not an

officer, partner, or agent of CCC, but they dispute whether she was a person having charge

of CCC’s business office at the time Klupe served her.

 The return here is a printed form, listing several means of service of a summons

and petition. Klupe selected the line stating he served the summons and petition by

“[d]elivering a copy of the summons and a copy of the petition to the

Defendant/Respondent.” Following that, the phrase, “How Served,” appears, and Shea’s

printed name and signature are written on this line. 4

4
 Following the section for service upon a defendant or respondent, the form contains a section for serving a
“Corporation/Partnership: by delivering a copy of the Eviction/Replevin/Writ of Possession to,” listing
options of various agents, partner, or “person in charge of defendant’s business office.” This section is left
blank on the return here.

 4
 According to Rule 54.22(a), this return is prima facie evidence of the fact that Klupe

served Shea a copy of the summons and a copy of the petition. However, the return

misstates Shea’s position in that she is not the defendant, and the return does not state facts

regarding Shea’s position at CCC, the named defendant, showing she was a qualified

person to receive service under Rule 54.13(b)(3). Therefore, the prima facie evidence in

this return does not establish satisfaction of the requirements of Rule 54.13(b)(3). As such,

the return is deficient on its face. See Blackburn Motor Co. v. Benjamin Motor Co., 340

S.W.2d 155, 158-59 (Mo. App. 1960) (finding return listing service to secretary of man

having charge of business office failed to comply with statutory requirements for service

of notice of garnishment).

 We note that Rule 54.22(a) provides, “The court may in its discretion allow any

process, return or proof of service thereof to be . . . amended at any time unless it clearly

appears that material prejudice would result to the substantial rights of the party against

whom the process issued.” Courts have long allowed amendments to conform to the facts

of service. Eagle Star Group, Inc. v. Marcus, 334 S.W.3d 548, 555 (Mo. App. W.D. 2010)

(citing Bauch v. Weber Flour Mills Co., 238 S.W. 581, 583 (Mo. App. 1922)). An amended

return can correct defects that would otherwise render the return insufficient to confer

jurisdiction on the defendant. See Morris v. Wallach, 440 S.W.3d 571, 577-78 (Mo. App.

E.D. 2014) (contrasting cases in which amended returns were deemed sufficient with cases

containing “no indication that the trial courts allowed the plaintiffs to amend the defective

returns of service to comport with the facts of service”).

 The record does not reveal any attempt to amend the return here. Rather, the parties

submitted competing affidavits to the trial court regarding the facts of service. Klupe’s

 5
affidavit does not amount to prima facie evidence of service, as the trial court did not deem

it credible and incorporate it into an amended return. Instead, both affidavits were before

the trial court in its role as factfinder, and we presume the court found the facts in

accordance with its judgment. See J. & J. Home Builders, Inc. v. Dobas, 839 S.W.2d 737,

738 (Mo. App. E.D. 1992). The return as it stands in the record is deficient on its face,

thus the trial court did not err in determining the default judgment was void for lack of

personal jurisdiction. 5 Point denied. 6

 Conclusion

 Because the return of service here was deficient on its face, the default judgment

was void. We affirm the trial court’s judgment setting aside the default judgment for lack

of personal jurisdiction.

 Gary M. Gaertner, Jr., Judge

Robert M. Clayton III, Presiding Judge, and
Thom C. Clark, Judge, concur.

5
 The fact that the trial court’s earlier default judgment found service was proper does not affect our
conclusion. See Feurt v. Caster, 73 S.W. 576, 580 (Mo. 1903) (“the jurisdictional recitals of a judgment of
due service of process will be controlled by and must yield to the service as it appears upon the whole
record”).
6
 CCC’s motion to dismiss the appeal based on an agreement between the parties that Marti would not contest
a motion to set aside the default judgment if the insurance company entered is denied as moot.

 6