Lisa Van Amburg, Judge
Johnson & Johnson appeals the trial court's judgment after a jury verdict in favor of the estate of Jacqueline Fox in this product liability suit. We reverse and vacate the judgment for lack of personal jurisdiction.
*50 Background
Ms. Fox is one of 65 individual plaintiffs in a lawsuit against the same defendant companies. Defendant Johnson & Johnson (J&J) is a holding company for over 250 subsidiaries worldwide. One such subsidiary is Johnson & Johnson Consumer Companies Inc. (JJCC), which manufactures and sells personal care products, including body powders containing talc. Both J&J defendants (collectively J&J) are New Jersey corporations headquartered in New Jersey. Imerys Talc America, Inc. f/k/a Luzenac America, Inc. (Imerys), is a Delaware corporation that mines and supplies raw talc for use in JJCC products.
Two of the 65 individual plaintiffs are Missouri residents. Tiffany Hogans is a St. Louis City resident who bought and used Defendants' products in St. Louis City and later developed ovarian cancer. Marianne Westerman is a St. Louis County[1] resident who bought and used Defendants' products in St. Louis County and later developed ovarian cancer. Sixty-three other plaintiffs, including Jacqueline Fox, bought and used Defendants' products in other states and later developed ovarian cancer ; these non-resident plaintiffs joined their claims to the Missouri resident plaintiffs' claims in this action pursuant to Missouri Rule 52.05.
Together, the 65 plaintiffs filed a petition asserting theories of strict liability for failure to warn, negligence, breach of express and implied warranty, civil conspiracy, concert of action, and negligent representation, alleging that Defendants marketed and sold their talc products knowing that the products increased consumers' risk of ovarian cancer. Defendants filed a motion to dismiss the claims of the non-resident plaintiffs, including Ms. Fox, for lack of personal jurisdiction. Specifically, Defendants argued that their activities in Missouri did not give rise to the claims of the non-residents who purchased and used Defendants' products elsewhere. The trial court denied Defendants' motion, reasoning that each non-resident need not establish an individual basis for jurisdiction so long as a defendant has sufficient minimum contacts with the state, and Defendants' commercial activity in Missouri "more than adequately" satisfied minimum contacts.
The trial court also denied Defendants' motion to sever the plaintiffs' claims but later ordered Fox's case tried as a single-plaintiff trial. Fox died four months before trial, and her estate proceeded on her behalf. Given our disposition here, we need not recite the evidence adduced at trial but simply note that the jury found J&J liable and awarded $10 million in compensatory damages and $62 million in punitive damages. The jury found Imerys not liable.
J&J appeals and asserts twelve points of error, but the first is dispositive. Specifically, J&J contends that the trial court erred in exercising personal jurisdiction over J&J because Fox's claims did not arise out of J&J's activities in Missouri. In light of the United States Supreme Court's recent holding in Bristol-Myers Squibb Co. v. Superior Court of California , --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017), J&J's point must be granted on the present record.
Analysis
Missouri Rule 52.05 allows non-residents to join as plaintiffs in an action by resident plaintiffs when all plaintiffs' claims arise out of the same transactions *51 or occurrences. Missouri courts historically have exercised personal jurisdiction over defendants as to joined non-residents' claims so long as jurisdiction exists as to the residents' claims. Consistent with this practice, the trial court determined that specific personal jurisdiction existed, reasoning that J&J's alleged conduct satisfied Missouri's long-arm statute (§ 506.500) and minimum contacts. In response to that ruling, J&J petitioned this court for a writ to prohibit the trial court's exercise of jurisdiction, and this court denied that petition without opinion.[2]
Subsequently, however, while this appeal was pending, the U.S. Supreme Court issued its decision in Bristol-Myers Squibb (BMS ), holding that a non-resident plaintiff must establish an independent basis for specific personal jurisdiction over the defendant in the state. In BMS , a group of over 600 plaintiffs, mostly non-residents, sued BMS in California for injuries allegedly caused by the drug Plavix. The California courts had rejected BMS's challenge to personal jurisdiction on the non-residents' claims, reasoning, similar to the trial court here, that BMS's extensive contacts in the state supported jurisdiction, particularly insofar as non-residents' claims were similar to residents' claims. The U.S. Supreme Court reversed, holding that specific personal jurisdiction requires a connection between the forum state and the specific claims at issue. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." 137 S.Ct. at 1781. The fact that resident plaintiffs sustained similar injuries does not support specific jurisdiction as to non-resident claims. Id.
The parties agree that BMS is controlling here, but they disagree on the resulting outcome. Fox requests that we remand the case to the trial court for further development of the factual record supporting jurisdiction under the narrower standard of BMS heretofore not required in Missouri. Specifically, Fox seeks to establish that J&J directed the production, packaging, and distribution of its products through a Missouri company, Pharma Tech.[3] J&J counters that Fox is precluded from supplementing the record at this stage and urges this court to dismiss the case outright with prejudice.
Although the parties neglected to brief the issue of retroactivity,[4] we note that several district courts have examined whether to permit reconsideration of jurisdiction after the U.S. Supreme Court issued its decision in Daimler AG v. Bauman , 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). In cases where reconsideration was barred, courts reasoned that Daimler was not new law but merely *52 a clarification of Goodyear ,[5] or that defendants waived the challenge to jurisdiction through their conduct in litigation.[6] In cases where reconsideration was allowed, courts reasoned that a party cannot be deemed to have waived challenges that were not yet available, and no prejudice would result from reconsideration.[7] However, all cases involved defendants' motions to dismiss and not plaintiffs' initial burden of proof. Even accepting that BMS represents a change relative to previous joinder practices in Missouri, we find no authority supporting Fox's request to rewind the case so as to supplement the pre-trial record to establish jurisdiction under the new standard.
To be sure, this court generally possesses the authority to remand cases to the trial court for further evidence and analysis, including on jurisdictional questions[8] or due to changes in the law pending appeal.[9] But Fox provides no Missouri precedent illuminating a procedural path for this court to stay a jury verdict pending re-litigation of facts supporting jurisdiction. Simply put, this court declines to remand the case in its advanced posture.
Conclusion
The trial court's judgment is reversed and vacated.
Angela T. Quigless, P.J., concur and Kurt S. Odenwald, J., concurs in separate opinion.

St. Louis City is both a city and its own county, comprising the 22nd judicial circuit in which this action was filed. St. Louis County is a separate, neighboring county comprising the 21st judicial circuit.

The denial of a writ without opinion does not constitute the law of the case. Rodriguez v. Suzuki Motor Corp. , 996 S.W.2d 47 (Mo. 1999). Even if it did, the doctrine doesn't apply when a change in the law intervenes. State ex rel. Alma Telephone Co. v. Public Service Commission , 40 S.W.3d 381 (Mo. App. W.D. 2001).

Respondents do not seek to add Pharma Tech as a party defendant but only to adduce additional evidence relevant to the issue of personal jurisdiction over J&J.

"If, subsequent to the judgment and before decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed." Geran v. Xerox Education Services, Inc. , 469 S.W.3d 459, 465 (Mo. App. W.D. 2015). There are two exceptions to this rule. The first is when the change is procedural rather than substantive. Id. The second "turns on the issue of fundamental fairness and is often expressed as a question of reliance." Id. If a party has relied on the law as it existed prior to the change, courts may apply the law only prospectively in order to avoid injustice and unfairness. Id.

Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

See e.g. , Gilmore v. Palestinian Interim Self-Govt. Auth. , 843 F.3d 958 (D.C. Cir. 2016) ; Am. Fid. Assur. Co. v. Bank of New York Mellon , 810 F.3d 1234 (10th Cir. 2016).

See e.g. , Gucci America, Inc. v. Weixing Li , 768 F.3d 122 (2nd Cir. 2014) ; Strauss v. Credit Lyonnais , S.A., 175 F.Supp.3d 3 (E.D.N.Y. 2016) ; Estate of Klieman v. Palestinian Authority, 82 F.Supp. 3d 237, 239 (D.D.C. 2015) ; Laydon v. Mizuho Bank, Ltd. 2015 WL 1499185 (S.D.N.Y. 2015).

See e.g. , McDonald v. Thompson , 35 S.W.3d 906 (Mo. App. S.D. 2001), and In re Marriage of Chamberlain , 63 S.W.3d 326 (Mo. App. S.D. 2002).

See e.g. , Roth v. Roth , 571 S.W.2d 659 (Mo. App. E.D. 1978), and Dietz v. Humphreys , 507 S.W.2d 389 (Mo. 1974).