KURT S. ODENWALD, Judge
Introduction
Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc. ("JJCI")[1] (collectively, "Defendants") appeal the trial court's judgment after a jury verdict in favor of Gloria Ristesund ("Ristesund") on her product-liability claims. Ristesund concedes that the trial court lacked personal jurisdiction over Defendants, and requests that we remand this matter to allow her the opportunity to renew the case and present evidence of personal jurisdiction in light of the United States Supreme Court holding in Bristol-Myers Squibb Co. v. Superior Court of California. --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) (" BMS"). Consistent with this Court's opinion and ruling in *79 Estate of Fox v. Johnson & Johnson. 539 S.W.3d 48 (Mo. App. E.D. 2017), we reverse and vacate the trial court's judgment. Because Ristesund had ample opportunity to fully address the issue of personal jurisdiction in the underlying proceedings, we decline to remand.
Factual and Procedural History
JJCI manufactures and sells products containing talcum powder ("talc"), a mineral used in cosmetics, across the United States. J&J is JJCI's parent company. Defendants are both incorporated and headquartered in New Jersey.
Ristesund and sixty-four other plaintiffs (collectively, "Plaintiffs") filed an action against J&J, JJCI, and two other defendants.[2] Plaintiffs' petition alleged claims for strict liability, negligence, and other torts against Defendants. Plaintiffs alleged that they contracted ovarian cancer from continued perineal use of Defendants' talc products. Sixty-three of the Plaintiffs-including Ristesund-lived, purchased Defendants' products, used Defendants' products, and developed ovarian cancer outside Missouri (collectively, the "Non-Resident Plaintiffs").
Ristesund, a resident of South Dakota, purchased and used Defendants' talc products exclusively in South Dakota and Minnesota. Ristesund alleges that she used Defendants' talc products regularly for over forty years, which caused her to develop ovarian cancer.
Defendants each moved to dismiss the Non-Resident Plaintiffs' petitions for lack of personal jurisdiction, arguing that Missouri lacked general personal jurisdiction over them. Specifically, JJCI maintained that its only contact with Missouri was selling products in the state, and that none of its Missouri sales were to the Non-Resident Plaintiffs. J&J alleged that it lacked the requisite contacts with Missouri to establish personal jurisdiction with the State because it did not sell, manufacture, or develop talc products in Missouri. Further, Defendants argued that Missouri lacked specific personal jurisdiction because the Non-Resident Plaintiffs' claims did not arise from or relate to Defendants' minimal contacts with Missouri.
The motion court denied Defendants' motions to dismiss, holding that specific personal jurisdiction existed over Defendants because the joinder of the Non-Resident Plaintiffs' claims to the Missouri Plaintiffs' claims provided the required nexus to Defendants' conduct in Missouri. The case then proceeded to a jury trial, with the claims of the individual plaintiffs, including Ristesund's, proceeding in separate trials.
At trial, the jury found in favor of Ristesund, and awarded her $5,000,000 in compensatory damages. The jury also awarded Ristesund $ 15,000,000 in punitive damages against JJCI and $35,000,000 in punitive damages against J&J. Defendants now appeal.
Points on Appeal
Defendants raise thirteen points on appeal. Point One maintains that Missouri lacks personal jurisdiction over Defendants. Because Point One is dispositive, we need not address Points Two through Thirteen. See Fox, 539 S.W.3d at 50.
Standard of Review
This Court reviews questions of personal jurisdiction de novo.
*80 Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 231 (Mo. banc 2010). The plaintiff has the burden of proving personal jurisdiction once the defendant properly raises the issue. Id. (quoting Angoff v. Marion A. Allen, Inc., 39 S.W.3d 483, 486 (Mo. banc 2001) ). Absent personal jurisdiction, a judgment is void. Bueneman v. Zykan, 52 S.W.3d 49, 58 (Mo. App. E.D. 2001) (citing Century Fin. Serv. Group, Ltd. v. First Bank, 996 S.W.2d 92, 93 (Mo. App. E.D. 1999) ).
Discussion
Due process of the law is enshrined in both the United States and Missouri constitutions, U.S. Const. amend. V ; U.S. Const. amend XIV, Sec. 1 ; Mo. Const. art. I, Sec. 10. Due process of the law requires that each court have personal jurisdiction over a defendant before a judgment is valid. See Bueneman, 52 S.W.3d at 58. Personal jurisdiction is a legal concept designating when the court has control over a defendant and the ability to render a valid judgment. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Courts recognize two categories of personal jurisdiction: general and specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923-4, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). Here, Ristesund abandons any argument premised upon general personal jurisdiction and argues only that Missouri has specific personal jurisdiction over Defendants. Missouri courts may exercise specific personal jurisdiction over a defendant for claims arising out of, or relating to, the defendant's activities in Missouri covered by the long-arm statute. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ; Section 506.500 RSMo (2016). In addition, Missouri requires plaintiffs to prove that the defendant has sufficient minimum contacts with Missouri as a prerequisite for asserting personal jurisdiction. Mello v. Giliberto, 73 S.W.3d 669, 676 (Mo. App. E.D. 2002) (citing Conway v. Royalite Plastics. Ltd., 12 S.W.3d 314, 318 (Mo. banc. 2000) ).
Although BMS was decided after her trial was concluded and while her appeal was pending, Ristesund concedes that BMS controls our analysis of personal jurisdiction in this appeal. 137 S.Ct. at 1773. In BMS, the U.S. Supreme Court held that a non-resident plaintiff may not establish personal jurisdiction simply by joining his or her claims to a resident's pleading. Id. at 1781. BMS requires that each plaintiff independently establish a basis for personal jurisdiction. Id. Ristesund agrees that, under BMS, the trial court lacked personal jurisdiction over Defendants. The sole issue remaining is whether we simply vacate the trial court's judgment, or vacate the judgment and remand for a new trial.
Ristesund alleges that State ex rel. Bayer Corp. v. Moriarty exemplifies a post- BMS case where the Supreme Court of Missouri permitted the plaintiffs to present additional evidence to the circuit court for the purpose of establishing personal jurisdiction over the defendants in accord with the standards announced in BMS. See 536 S.W.3d 227 (Mo. 2017). Bayer involved a multi-plaintiff suit against an out-of-state corporation. Id. at 229, The defendant challenged, via writ, the circuit court's ruling denying its motion to dismiss alleging that the non-resident plaintiffs could not prove that Missouri had personal jurisdiction over the defendant. Id. The plaintiffs argued that Missouri had general jurisdiction over the defendant because the defendant was registered to conduct business in Missouri. Id. at 230. Additionally, the plaintiffs contended that Missouri had specific jurisdiction over the defendant because the non-resident plaintiffs had joined *81 their claims with the similar claims of resident plaintiffs. Id.
The Supreme Court of Missouri held that Missouri lacked both general and specific personal jurisdiction over the defendant. Id. at 234. Specifically, the Supreme Court noted that "[u]tilizing 'settled principles regarding specific jurisdiction,' [ BMS ] reaffirms Norfolk's holding that [the p]laintiff's theory here, which relies on other plaintiffs' experiences in Missouri as a predicate for all claims by anyone suffering the same injury, must be rejected." Id. (citing BMS, 137 S.Ct. at 1781 ; State ex rel. Norfolk S. Ry. v. Dolan, 512 S.W.3d 41, 46 (Mo. banc 2017) ). The Bayer plaintiffs conceded that Missouri lacked personal jurisdiction, but requested additional time to pursue a broader jurisdictional argument that they intended to assert in a future amended petition. Id. Because the amended petition was not then before the circuit court, the Supreme Court determined that the plaintiffs' new jurisdictional theories were outside the scope of the writ petition. Id. at 235. The Supreme Court then directed the motion court to vacate its order overruling the motion to dismiss for lack of personal jurisdiction, and consider granting plaintiffs leave to file the amended petition. Id. Ristesund reasons that fairness requires the same remedy be made available to her.
Ristesund's reliance on Bayer is unavailing. First, although Bayer addressed the effect of BMS on a pending claim, the issue of personal jurisdiction was before the Supreme Court on an interlocutory writ, not a direct appeal. This differing procedural posture is critical because, unlike the circumstances here, the underlying litigation in Bayer remained pending before the trial court at the time of the Supreme Court's ruling. Id. at 229, 234. The filing of a writ in the Missouri Supreme Court to challenge the trial court's ruling as to personal jurisdiction did not end plaintiffs' claims before the circuit court. Id. To the contrary, here, the evidentiary proceedings at both the pre-trial and trial level in this matter were fully concluded. Unlike Bayer, there was no action left for the trial court to take in this matter when the jurisdictional issues were pursued on appeal. The circuit court lost jurisdiction over this case upon the filing of the notice of appeal. See Missouri Land Dev. I, LLC v. Raleigh Dev., LLC, 407 S.W.3d 676, 684 (Mo. App. E.D. 2013). The facts of Bayer provide little guidance given the demonstrably different procedural posture of Bayer, Id. at 234.
Ristesund's case is more analogous to Estate of Fox v. Johnson & Johnson. 539 S.W.3d 48. Like the plaintiff in Fox. Ristesund had a full and ample opportunity to discover and introduce any and all evidence that she believed would establish personal jurisdiction over the Defendants. Id. at 52. As in Fox, this case fully concluded before the circuit court and has progressed to this appeal.
Indeed, Ristesund's appeal is almost identical to Fox. The respondent in Fox was one of the other Non-Resident Plaintiffs originally joined with Ristesund. id. at 50. Fox shared its procedural history with Ristesund until the trial court separated their proceedings. See id. As in this case, a jury ruled in favor of the plaintiff. The Defendants then appealed to this Court and asserted the identical issues of personal jurisdiction as they assert in this appeal. Id. While the appeals for both Fox and this case were pending, the U.S. Supreme Court issued its decision in BMS, 137 S.Ct. at 1773.
Like Ristesund, the plaintiff in Fox asked that we remand the case to allow the plaintiff an additional opportunity to submit evidence of personal jurisdiction, and hopefully overcome the adverse consequences *82 of the BMS decision on the plaintiff's claims. Fox, 539 S.W.3d at 51. We declined to remand because the plaintiff failed to provide an adequate procedural path to remand, and because the case was too advanced procedurally. Id. at 52. We reversed and vacated the judgment of the trial court for lack of personal jurisdiction. Id.
Ristesund suggests a different outcome from Fox is warranted because she does not request the same remedy as was sought in Fox. The plaintiff in Fox wanted the opportunity to present additional evidence of personal jurisdiction while preserving the jury's verdict in their favor. Id. at 51. Ristesund acknowledges that the jury verdict must be set aside, but asks us to allow her to start her claim anew by setting aside the jury's verdict, vacating the judgment, and remanding the case for a jurisdictional hearing and "whatever follows." We are not persuaded that Ristesund's request for a different remedy is cause to diverge from our reasoning and holding in Fox. See id. We find no compelling reason to stray from Fox's precedential history and to permit "whatever follows."
Ristesund reasons that BMS created a new standard for analyzing specific personal jurisdiction, and therefore, fairness dictates that she be allowed an opportunity to present evidence relevant to this "new" standard. See BMS, 137 S.Ct. at 1781. Ristesund's argument stems from the mistaken premise that BMS established a new legal standard for personal jurisdiction. BMS did not. BMS simply reiterated the long standing legal principles of personal jurisdiction. Id. at 1781-83.
The plain and clear language of BMS refutes Ristesund's suggestion that the U.S. Supreme Court somehow changed the law of specific personal jurisdiction. See BMS, 137 S.Ct. at 1781-83. Indeed, the U.S. Supreme Court stated that "settled principles regarding specific jurisdiction control this case." Id. at 1781. The U.S. Supreme Court characterized BMS as a "straightforward application ... of settled principles of personal jurisdiction[.]" Id. at 1783 ; accord Fox, 539 S.W.3d at 53 (Odenwald, J., concurring) ( BMS reaffirmed traditional principles of personal jurisdiction). Ristesund is charged with knowing the requirements needed to assert personal jurisdiction over the defendants, even though BMS was pending and later decided while her case was on appeal.
Notably, the U.S. Supreme Court addressed at great length the requirements for asserting personal jurisdiction in Daimler AG v. Bauman, which was issued five months before Ristesund filed her petition in this action. 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). In Daimler, the U.S. Supreme Court held that California could not exercise personal jurisdiction over a foreign company for activities in Argentina, when those activities were unrelated to the company's contacts with California. Id. at 139, 134 S.Ct. 746 ; see also Int'l Shoe Co., 326 U.S. at 316, 66 S.Ct. 154 (holding that a defendant must have minimum contacts with a state for them to be subject to suit there). The Daimler court stated that a court has personal jurisdiction over an out-of-state corporation only when the corporation's contacts with the state are either "so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities." (emphasis omitted)-referring to general jurisdiction-or "continuous and systematic, but also give rise to the liabilities sued on "-referring to specific jurisdiction. Daimler, 571 U.S. at 138, 134 S.Ct. 746 (quoting Int'l Shoe Co. 326 U.S. at 317, 318, 66 S.Ct. 154 ) (emphasis added).
*83 Knowing the impact of the Daimler decision on the issue of personal jurisdiction, both parties vigorously argued before the trial court the principles addressed in Daimler and the effect of that decision on this case. Defendants argued precisely the same principles of specific personal jurisdiction expounded in Daimler, and reaffirmed in BMS, including what type of contacts with a state are required to render a non-resident corporation subject to suit in that state. Ristesund countered these arguments, and had the opportunity to seek discovery and introduce sufficient evidence to meet the personal jurisdiction requirements of Daimler both prior to and during trial. Ristesund did not fully present evidence relating to personal jurisdiction, choosing instead to rely upon past arguments which were at odds with the principles of personal jurisdiction explained in Daimler and reaffirmed in BMS. Ristesund's limited reliance on the joinder of her claim with the claims of two Missouri residents was insufficient to confer personal jurisdiction. See BMS, 137 S.Ct. at 1781 ; see also Daimler, 571 U.S. at 138, 134 S.Ct. 746 ; Mello, 73 S.W.3d at 676 (the plaintiff must show both that the defendant had minimum contacts with Missouri and that the action arose from those activities).
Principles of fairness do not dictate or warrant remand. The pronouncement in BMS neither introduced new concepts in the law nor relied upon new principles of law. BMS was not a decision that "came out of nowhere." To the contrary, the parties in BMS. as in Daimler, argued long standing principles of personal jurisdiction in our jurisprudence. The parties before us were well aware of the legal principles being argued before the Supreme Court, as evidenced by their pleadings and argument before the trial court. Ristesund was not precluded from broadening the scope of her claims for personal jurisdiction while her case was before the trial court. Like the plaintiffs in Bayer, Ristesund could have done so at any time before she concluded her case in the circuit court. Similar to our reasoning in Fox, we are not persuaded that the law either warrants or permits us to now return this matter to the trial court for a "do-over." Thus, we reverse the judgment of the trial court, but decline Ristesund's request to remand the matter for additional proceedings.
Conclusion
The judgment of the trial court is reversed and vacated.
Sherri B. Sullivan, J., concurs.
Angela T. Quigless, J. concurs.

JJCI was formerly known as Johnson & Johnson Consumer Companies, Inc.

Plaintiffs also sued Imerys Talc America, Inc. and Personal Care Products Council. Plaintiffs voluntarily dismissed the claims against Personal Care Products Council. A jury absolved Imerys Talc America, Inc. of liability. Therefore, we exclusively refer to J&J and JJCI as "Defendants" throughout this opinion.