

# In the Missouri Court of Appeals
# Eastern District

DIVISION THREE

| | | |
|---|---|---|
| LOIS SLEMP, | ) | No. ED106190 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| JOHNSON & JOHNSON and | ) | Honorable Rex M. Burlison |
| JOHNSON & JOHNSON CONSUMER | ) | |
| COMPANIES, INC., n/k/a JOHNSON & | ) | |
| JOHNSON CONSUMER INC. and | ) | |
| IMERYS TALC AMERICA, INC., f/k/a | ) | |
| LUZENAC AMERICA, INC., | ) | |
| | ) | |
| Defendants/Appellants. | ) | Filed: October 15, 2019 |

## Introduction

Appellants Johnson & Johnson, Johnson & Johnson Consumer Companies Inc., and Imerys Talc America, Inc. (hereinafter collectively Appellants) appeal from the judgment of the trial court entered after a jury found them liable to Lois Slemp (Respondent) for actual and punitive damages relating to Respondent's use of talc products. We reverse and vacate the judgment.

## Factual and Procedural Background

The underlying case was commenced by 62 plaintiffs against Appellants for damages related to the use of talc products. Of the 62 plaintiffs, 61 were non-residents of Missouri. Respondent, a native of Virginia, was one of the non-resident plaintiffs.

Respondent's claims were tried separately from the other plaintiffs' claims. Respondent alleged she had used Appellants' talc products for many years, and in 2012 developed cancer as a result. The talc products Respondent used were manufactured in Georgia, and purchased and used by Respondent in Virginia.

The jury returned a verdict in favor of Respondent, awarding her both actual and punitive damages.

*Post-Trial Proceedings*

After the return of the jury verdict, the trial court entered judgment on August 3, 2017. In its judgment, the trial court found pursuant to Rule 74.01(b)[1] there was no just reason to delay entry of final judgment on Respondent's claims. Near that time, the United States Supreme Court handed down its opinion in Bristol-Myers Squibb v. Superior Court of Ca., 137 S.Ct. 1773 (2017) (BMS). On September 1, 2017, Appellants filed several after-trial motions, including a motion requesting the trial court enter judgment notwithstanding the verdict and for a new trial. Appellants argued the trial court lacked personal jurisdiction over Appellants as to Respondent's claims, citing BMS. On October 18, 2017, 76 days after the trial court entered judgment, Respondent filed a Motion to Temporarily Vacate Order of Judgment and to Open Discovery on Personal Jurisdiction. Respondent's motion was called and heard on November 13, 2017.

On November 29, 2017, the trial court entered an order disposing of post-trial motions. This order denied Respondent's Motion to Temporarily Vacate Order of Judgment and to Open Discovery on Personal Jurisdiction as untimely. The trial court also denied Appellants' motions regarding personal jurisdiction. The trial court signaled its intent to reopen the record to allow Respondent to present additional evidence to attempt to establish the trial court's personal

---

[1] All rule references are to Mo. R. Civ. P. (2017).

jurisdiction over Appellants. That same day, the trial court also issued an order striking and removing the language from the August 3, 2017 judgment finding no just reason for delay and certifying it for appeal.

Authority to Hear Appeal

Appellants appeal from the judgment of the trial court entered August 3, 2017, making 15 separate claims of error. However, as a preliminary matter we must address whether this Court has the authority to hear this appeal.

Appellants claim this case is properly before this Court by virtue of the Rule 74.01(b) certification for appeal by the trial court. Respondent claims there is no final judgment, and thus no appealable decision, because the trial court reconsidered and struck its Rule 74.01(b) certification. Appellants counter by claiming the trial court was without authority to modify its August 3, 2017 judgment in such a way, because more than 30 days had passed since it originally entered judgment, and no party requested the trial court strike its Rule 74.01(b) certification in an authorized and timely after-trial motion. Because Appellants are correct, and the trial court lacked the authority to decertify this case for appeal, this case is properly before this Court.

*Discussion*

Rule 74.01(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3

Normally an appeal may not be taken where claims remain pending in a case. However, Rule 74.01(b) provides an avenue for a trial court to enter a final appealable judgment on fewer than all claims and/or plaintiffs if it finds there exists no just reason for delay. Hardin v. Adecco USA, Inc., 419 S.W.3d 883, 885 (Mo. App. E.D. 2014). A Rule 74.01(b) designated judgment is a final judgment for the purpose of perfecting an appeal, as well as determining its interplay with other procedural rules governing final judgments. Tudor v. Behrend-Uhls, 844 S.W.2d 26, 27-28 (Mo. App. W.D. 1992).

Here, the trial court entered its judgment on Respondent's claim on August 3, 2017, and certified it as a final, appealable judgment. Final judgments are governed by Rule 75.01, giving the trial court control over the judgment for a 30-day period to, on the motion of the parties or on its own authority for good cause, "vacate, reopen, correct, amend, or modify its judgment...." Under the rule, once the 30-day window expires the judgment becomes final if neither party has filed an authorized after-trial motion. Rule 85.01(a)(1); State ex rel. Hawley v. Pilot Travel Centers, LLC, 558 S.W.3d 22, 27 (Mo. banc 2018). However, where, as here, one or more parties have filed a timely after-trial motion, the trial court's control over the judgment extends beyond the 30-day window described in Rule 75.01 to 90 days from the date the last timely motion was filed, or, if all motions have been ruled on, then either the date of the ruling on the last motion or 30 days after entry of judgment, whichever is later. Rule 81.05(a)(2).

Importantly, once the initial 30-day window after entry of the judgment passes, the trial court's authority changes. Within that 30-day window, the trial court has authority to amend the judgment for good cause regardless of whether either party requests it do so. Pilot Travel Centers, LLC, 558 S.W.3d at 27. After this period elapses, "a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after-trial

4

motion." Id., quoting Massman Constr. Co. v. Mo. Highway & Transp. Comm'n, 914 S.W.2d 801, 802-03 (Mo. banc 1996).

Here, the trial court's authority to amend its August 3, 2017 judgment on its own motion ended 30 days after the judgment was entered, well before it did so on November 29, 2017, when it revoked the Rule 74.01(b) appeal certification. Neither party filed a timely, authorized after-trial motion requesting the certification language be removed. Appellants filed motions contesting personal jurisdiction; Respondent filed a motion to tax costs. The only motion resembling a request the trial court remove the Rule 74.01(b) certification was Respondent's motion to "Temporarily Vacate" the judgment to allow her to relitigate personal jurisdiction. However, this motion was filed 76 days after entry of the judgment; further, as far as this Court is aware, there exists no procedural path for doing that which Respondent requested. See Estate of Fox v. Johnson & Johnson, 539 S.W.3d 48, 52 (Mo. App. E.D. 2017) (there exists no "procedural path" to "stay a jury verdict pending re-litigation of facts supporting jurisdiction"). This makes Respondent's motion neither authorized nor timely, and thus it did not empower the trial court to revoke its Rule 74.01(b) certification.

On appeal Respondent attempts to characterize this as a case of first impression, as none of the above-cited cases limiting the trial court's authority to amend the judgment after the initial 30-day window involved a trial court's unauthorized removal of Rule 74.01(b) certification. Respondent argues the trial court's ability to add or subtract Rule 74.01(b) certification from its order is somehow above and apart from any other authority it possesses, allowing it to transcend the limits imposed by other Missouri Supreme Court rules.

We cannot agree with Respondent's view. Notably, Respondent can cite no cases directly supporting this proposition. Nor does Respondent cite or discuss Pilot Travel Centers,

5

LLC or its predecessors, or explain why the holdings of those cases, which otherwise plainly apply to the instant case, must nonetheless be disregarded.

Respondent also argues no textual support exists in Rule 74.01(b) itself to suggest the trial court lacks the authority to add or remove certification without any procedural restrictions. On the contrary, Rule 74.01(b) states:

> In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 74.01(b) thus specifically provides that, absent certification for appeal, the trial court retains authority to revise its order at any time before entry of a final judgment. Once certification occurs, the otherwise interlocutory order becomes, for all intents and purposes, a final judgment, and the trial court's authority becomes limited by those procedural rules which apply to final judgments. See Tudor, 844 S.W.2d at 27-28. This necessarily implies the unfettered authority to alter its own order that Respondent ascribes to the trial court evaporates once it certifies such an order as an appealable judgment.

For the foregoing reasons, we find the trial court exceeded its authority by revising its August 3, 2017 judgment in a manner not requested by either party in an authorized and timely after-trial motion. Because the trial court was without authority to amend the judgment removing the Rule 74.01(b) certification for appeal, this case is properly before this Court, and we have authority to dispose of it.

Trial Court Lacked Personal Jurisdiction

As stated above, Appellants make 15 points on appeal. However, because their first point is dispositive, we do not reach the remaining 14.

Appellants argue Respondent's claims did not give the trial court personal jurisdiction over Appellants. Both parties agree this case is governed by this Court's prior cases, Estate of Fox v. Johnson & Johnson and Ristesund v. Johnson & Johnson, 558 S.W.3d 77 (Mo. App. E.D. 2018). Both of those cases involved plaintiffs who were not residents of Missouri who had joined their claims with those of Missouri residents. Estate of Fox, 539 S.W.3d at 50; Ristesund, 558 S.W.3d at 79. In those cases, after judgment had been reached but while appeal was pending, the United State Supreme Court decided BMS, which clarified the existing law on specific personal jurisdiction requiring the trial court have personal jurisdiction over the defendants with regard to each claim, rather than establishing personal jurisdiction by allowing non-residents to join similar claims with those of Missouri residents. Estate of Fox, 539 S.W.3d at 51; Ristesund, 558 S.W.3d at 80. In Fox and Ristesund, this Court found that, due to the advanced procedural posture of the cases, remand was inappropriate as the plaintiffs had had ample opportunity to present all arguments for personal jurisdiction to the trial court and were unable to do so successfully. Estate of Fox, 539 S.W.3d at 52; Ristesund, 558 S.W.3d at 82-83.

On appeal, Respondent concedes that should we find this case is properly before this Court, the record establishes that, per BMS, the trial court lacked personal jurisdiction over Appellants. Respondent further concedes that if we have authority to hear this appeal Respondent will find herself in a procedurally identical position to the plaintiffs discussed in Fox and Ristesund. Thus, the same outcome that resulted in those cases is warranted here. Having found *supra* this case is properly before this Court, in accordance with Fox and Ristesund we hereby vacate and reverse the judgment of the trial court.

<u>Conclusion</u>

The judgment of the trial court is reversed and vacated.

_____
SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.

8